CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2010

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES D. HABURN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:10-CV-00422 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CVS / PHARMACY, et al., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

The plaintiff, James D. Haburn, proceeding pro se, filed this action on September 23, 2010 against the defendants, identified as follows: CVS / Pharmacy; John / Jane Doe Owners and Co-Owners; Dave Kozera; Keith Graham; Tracy Tuttle; and Jarod Cearin. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). After reviewing the complaint filed in this matter, however, the court believes that the action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Background

The complaint alleges that Jarod Cearin, an employee of CVS Pharmacy, relocated in July 2010 from Florida to Roanoke, Virginia, where he began working in CVS's Ninth Street location. After allegedly being evicted from his apartment in Roanoke, Cearin contacted the plaintiff in an effort to rent one of the plaintiff's rental properties. Although the particular property that Cearin had in mind was being renovated, the plaintiff agreed to allow Cearin, his wife, and his infant daughter, to live in the property temporarily. The plaintiff purchased a number of small appliances and furniture to prepare the rooms for Cearin and even assisted Cearin in obtaining proper licensing and registration for Cearin's company car.

Although Cearin had orally agreed to assist with expenses on the property, he informed the plaintiff after entering the premises that he was familiar with the legal protections enjoyed by tenants and that he would neither make any payments to the plaintiff nor vacate the premises. When the plaintiff contacted Tuttle, Graham, and Kozera regarding Cearin's actions, they were unresponsive. On September 17, 2010, Cearin called the plaintiff from the CVS store and made unspecified threats against him. The plaintiff asserts that he has suffered "fear, anxiety, nausea, sleeplessness, and physical and mental pain" from the stress connected with these episodes.

The plaintiff filed this action on September 23, 2010. Count One of his complaint seeks recovery against CVS, its owners, and Graham, Kozera, and Tuttle (the "CVS defendants") on theories of negligent supervision, negligent retention, and negligent hiring. Count Two seeks recovery from Cearin, Tuttle, Graham, and Kozera on theories of fraud and constructive fraud. Count Three asserts claims of negligent and intentional infliction of emotional distress against all of the defendants, while Count Four reiterates the theories alleged in Count One against the CVS defendants. The plaintiff seeks $100,000 in compensatory damages and $100,000 in punitive damages.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or if the court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Having reviewed the plaintiff's complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. The plaintiff has failed to allege any violation of federal law which might support federal question jurisdiction under 28 U.S.C. § 1331, and the court is unable to make any inference as to a possible violation of federal law based upon the language of the complaint. See 28 U.S.C. § 1331 (limiting jurisdiction to claims "arising under the Constitution, laws or treaties of the United States").

Furthermore, the plaintiff's complaint fails to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332. For the district court to have jurisdiction under § 1332, the parties must be of completely diverse state citizenship. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the

presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Strawbridge v. Curtiss, 3 Cranch 267 (1806). A person is a citizen of a state when he is domiciled in that state; that is, when he is physically present in the state and intends to remain there. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); Texas v. Florida, 306 U.S. 398, 424 (1939). Moreover, "[a] person may change his domicile instantly by taking up residence in another state with the intent to remain there. He need not intend to remain permanently at the new domicile; it is enough that he intends to make the new state his home and that he has no present intention of going elsewhere." Segen v. Buchanan General Hosp., Inc., 552 F. Supp. 2d 579, 583 (W.D. Va. 2007) (Williams, J.) (citations omitted).

Although the complaint does not expressly state the citizenship of each of the parties, it is apparent that not all of the defendants are domiciled in a different state than the plaintiff. The plaintiff has indicated with his filing that he is domiciled in Virginia. While the complaint alleges that CVS is a citizen of Rhode Island, the complaint also identifies Dave Kozera, Keith Graham, Tracy Tuttle, and Jarod Cearin as defendants. The domicile of Kozera, Graham, and Tuttle is not identified in the complaint. It is, however, almost unquestionable that Tuttle, who is alleged to be Cearin's immediate supervisor at the CVS store located on Ninth Street in Roanoke, Virginia, is domiciled in Virginia.[1]

---

[1] The court notes that local directories list a Tracy H. Tuttle as residing at 830 Park Ln. S.W. in Roanoke, Virginia. Furthermore, inasmuch as Kozera or Graham (alleged to be a CVS District Manager and a CVS Regional Manager, respectively) lives and works in Virginia, it is likely that they would also be domiciled in Virginia and would thus destroy diversity jurisdiction, as well.

More to the point, the complaint alleges that Jarod Cearin moved from Florida to Roanoke, Virginia in July 2010, where he obtained living quarters and, according to the complaint, still resides and works. His wife and infant daughter reside with him in Roanoke. Although domicile is not necessarily synonymous with residence, "[t]he place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." District of Columbia v. Murphy, 314 U.S. 441, 455 (1941). There is nothing from the complaint to suggest that Cearin is domiciled anywhere but in Virginia. Because the plaintiff is also domiciled in Virginia, this case must be dismissed. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) ("[D]iversity jurisdiction is not . . . available when any plaintiff is a citizen of the same State as any defendant.").

## Conclusion

For the foregoing reasons, the court concludes that the instant action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. This dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 29th day of September, 2010.

_____
Chief United States District Judge